## PENNSYLVANIA RAILROAD COMPANY v MOSES

Ohio Appeals, 2nd Dist, Darke Co

No 403.   Decided Feb 25, 1932

Baird Broomhall, Troy, and Mills Matthews, Dayton, for plaintiff in error.

George W. Porter, Greenville, and Murphy & Staley, Greenville, for defendant in error.

ALLREAD, PJ.

This is the general situation and location of the crossing. A charge is made that the train operated by the Pennsylvania Railroad Company approached the crossing from the south and went at a high and dangerous rate of speed, without warning by either blowing the whistle or ringing the bell until the train approached the crossing in question. An ordinance of the city limiting the rate of speed of trains to eight miles an hour, although not pleaded was offered in evidence. This was objected to and the constitutionality of the statute was made by the objection. John H. Moses and his wife, Laura Moses, both testified that the street was icy and covered with snow, and that they drove very slowly toward and onto the crossing. They both testify as to the care used in their approach. They first saw the electric flasher sign and they both state under oath that there were no lights indicating the approach of a train. They also testified that they looked both ways and listened but did not see nor hear a train. They then attempted to cross and were struck by a train, which was moving according to the averments of the petition at the rate of forty miles per hour. Objections were made to the introduction of the ordinance. We are in doubt as to whether the ordinance is reasonable. It was held in the case of **Railway Co. v Grambo, 113 Oh St, 471,** that an ordinance providing for a limit of six miles per hour is unreasonable. Irrespective of the sufficiency of this ordinance, we are of the opinion that as several questions of fact were presented to the jury on the subject of negligence, there were other issues upon which the verdict might rest and that no interrogatories were offered to the jury that this court would not be justified in disturbing the judgment upon the ground that the verdict is not sustained by sufficient evidence. (**Ochsner v Traction Co., 107 Oh St, 33**).

As to the question of contributory negligence, we are of the opinion that the testimony of John H. Moses and his wife, Laura Moses, as to their looking and listening, as to the obstructions of the view, and as to the failure of the electric signs to work, is sufficient to require the case to go to the jury. We are aware of the so-called "open view" cases, wherein it was held that the driver of an automobile approaching a known and unobstructed railroad crossing was bound to look and listen for the approach of a train and that at such crossing he would be held to have looked or listened and to have discovered the approach of the train. This proposition is not applicable to a case like the present, where the view is more or less obscured and where the approach of a train could not with reasonable diligence be discovered until it came within the range of danger. This siding twenty-five feet south of the main track may be considered as a possible place of

danger, but however that is, we think that according to the testimony of Moses and his wife that they did everything that could have been done reasonably to have discovered the approach of a train. They looked and listened in the direction of the approaching train and also in the other direction and they looked for the flasher sign and saw no evidence of a train approaching. The court was therefore justified in submitting this testimony to the jury.

There are two cases which consider the sufficiency of a flasher signal, one was **Henderson v The Railway Company, 123 Oh St, 468**, and the other is the case of the **Columbus, Delaware & Marion Traction Co. v O'Day, 123 Oh St, 635.** Neither of these cases define the duty of a railroad company as to the flasher lights put up as a warning to the public. In the O'Day case it was held that the flasher signal was for the benefit of the public desiring to cross and did not bind the Railroad Company.

The defendant offered evidence of several witnesses as to the warnings given by the approaching train. Upon this issue the case was clearly one for the consideration of the jury. The next question relates to the flasher signs. There were two of these signs at the crossing, one on the north side of the railroad tracks to warn persons who approach the crossing from the north; the other on the south side to warn persons approaching from that side. Some of the testimony offered by the plaintiff in error in the trial related to the lights upon the north side of the railroad. We are not advised by the testimony that these lights were so constructed that if one light was burning there would be a necessary inference that the other lights at the crossing were also burning. We are therefore of opinion that the testimony that the north lights were burning is no evidence that the south lights were also burning. Later on there were a number of witnesses who were employees of the railroad company or of the electric light company testified to the lights upon the south side of the railroad track being in good condition and would be lighted as the train approached.

We have attempted to consider the force of the testimony of the disinterested witnesses. We find first a witness, Charles Lecklider, who stood near the Railroad station some three squares away, and testified that he saw the lights burning. As to whether this was the north light or the south light, the testimony is not clear, but in any event there would naturally be some doubt as to whether he could see the south lights distinctly from his position.

The deposition of Ernest E. Ullrey was taken. He was apparently a disinterested witness, but his testimony was taken in a far western city and no attorney appeared for cross examination. His testimony, if he had been personally produced as a witness on the trial and had he been subject to cross examination, in case motion appeared to discredit his testimony might have had considerable weight with this court, in view of the fact that he was apparently disinterested. But we think his deposition does not take the place of testimony introduced on the trial where all his interest and his situation as to the parties might have been developed.

We have therefore reached the conclusion, although not without some doubt, that the judgment is not contrary to the weight of the evidence upon the issue as to whether the flasher lights on the south side were burning. Finding no prejudicial error, the judgment of the trial court is affirmed.

HORNBECK and KUNKLE, JJ, concur.